UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRANSAMERICA ADVISORS LIFE INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-247-RLB** |
| **COLYNN MARSCH, ET AL.** | **CONSENT** |

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is defendant-in-interpleader Colynn Marsch's Motion for Partial Summary Judgement. (R. Doc. 21). Defendants-in-interpleader Marlene Berard and Lester Berard (collectively, the "Berards") have filed an Opposition. (R. Doc. 23). Plaintiff-in-interpleader Transamerica Advisors Life Insurance Company ("Transamerica") has filed a response indicating it takes no position on the instant motion, other than to provide that should the motion be granted, Ms. Marsch and Transamerica have stipulated that Transamerica is entitled to recover $8,250.00 in attorney's fees and costs from the funds that are on deposit. (R. Doc. 24). Ms. Marsch has filed a Reply. (R. Doc. 27). The Reply does not challenge Transamerica's assertion regarding agreed upon attorney's fees and costs.

**I.     Background**

This is a statutory interpleader action brought by Transamerica against Ms. Marsch and the Berards. (R. Doc. 1, "Compl."). Transamerica seeks discharge of its liability in connection with a flexible premium variable deferred annuity contract, contract number M940498891, issued to Gordon G. Tarver ("Mr. Tarver") on February 17, 1994, and payable on his death. (R. Doc. 1-2 at 6-26; the "Annuity"). Transamerica asserts it is unable to establish the proper party

to receive the Annuity's proceeds in light of the competing claims of the defendants-in-interpleader. (Compl. ¶ 18).  The following facts are not in dispute:

Mr. Tarver initially named his daughter, Ms. Marsch, as the beneficiary of the Annuity's proceeds. (R. Doc. 21-1 at 1).

On August 19, 2015, Mr. Tarver executed a durable power of attorney naming Marlene Berard as his Agent. (R. Doc. 1-2 at 32-35, "Power of Attorney" or "POA").  The Power of Attorney grants Mrs. Berard the power "[t]o apply for, purchase, maintain and/or deal with insurance and annuity contracts, insurance policies, including life insurance upon [Mr. Tarver's] life or the life of any other appropriate person and to make any elections and disclaimers under such policies." (POA, ¶ 7).  The Power of Attorney also provides, however, that Mrs. Berard "may not, unless specifically authorized by this document, . . . gift, appoint, assign or designate any of [his] assets, interest or rights, directly or indirectly," to herself, her creditors, or her estate. (POA, ¶ 15).

On or about November 18, 2016, after providing Transamerica with a copy of the Power of Attorney, Mrs. Berard sent an executed Annuity Policy Change Form to Transamerica, requesting that she be named the sole beneficiary on the Annuity. (Compl. ¶ 11, R. Doc. 1-2, at 37-40).

On December 12, 2015, Mr. Tarver died testate.  He bequeathed all of this property to Lester Berard. (R. Doc. 1-2 at 52).

On December 16, 2015, Transamerica wrote to Mrs. Bernard and informed her that it was "unable to accept the beneficiary designation as indicated on the request" because the Power of Attorney did not allow her to make beneficiary changes. (R. Doc. 1-2 at 42).

2

On January 5, 2016, the 33rd Judicial District Court, Allen Parish, Louisiana, issued a Judgment of Possession providing that all insurance companies having in their possession any money or property belonging to Mr. Tarver's succession were required to provide such money or property to Mr. Berard. (R. Doc. 1-2 at 49-50).

On January 11, 2016, Mr. Berard made a demand for the benefits of the Annuity from Transamerica, providing a copy of the Judgment of Possession. (Compl., ¶ 15).

On January 26, 2016, Ms. Marsch made a demand for the benefits of the Annuity from Transamerica, providing a Non-Spouse Individual Annuity Claimant's Statement. (R. Doc. 1-2 at 55-59).

On February 3, 2016, Mrs. Berard sent a letter to Transamerica demanding the benefits of the Annuity. (R. Doc. 2-1 at 61-68). In the letter, Mrs. Berard discusses her attempts to name herself as beneficiary of the Annuity's proceeds.

Transamerica initiated this interpleader action on April 19, 2016. (R. Doc. 1). Ms. Marsch filed an Answer on May 17, 2016. (R. Doc. 8). The Berards filed an Answer and Counterclaim on July 1, 2016. (R. Doc. 11). In their Counterclaim, the Berards assert that Transamerica breached its fiduciary duty owed to Mr. Tarver by failing to communicate with Mr. Tarver in a proper and timely manner and by providing false and incomplete information. (R. Doc. 11 at 5-8).[1]

Through the instant Motion for Partial Summary Judgment, Ms. Marsch asserts that summary judgment in her favor is appropriate on the issue that she is entitled to receive the Annuity's proceeds. (R. Doc. 21). Ms. Marsch argues that the Annuity established the method of

---

[1] The Berards' counterclaim against Transamerica are not subject to the instant motion for partial summary judgment. Transamerica acknowledges in its response that the counterclaim brought against it by the Berards remains to be addressed. (R. Doc. 24).

3

changing beneficiaries; the Power of Attorney did not grant Mrs. Berard the authority to self-deal and name herself as the sole beneficiary; and Transamerica correctly rejected Mrs. Berard's attempt to name herself as the sole beneficiary. (R. Doc. 21-2 at 3-8).

In opposition, the Berards argue that that summary judgment is inappropriate because "the details concerning Mr. Tarver's efforts to change the beneficiary, whether she acted at Mr. Tarver's instructions, etc., are clearly in dispute and can be fully developed only at trial on the merits." (R. Doc. 23 at 7). Defendants also contend that the Power of Attorney "specifically gave Mrs. Berard the right" to change the beneficiary to herself. (R. Doc. 23 at 6).

## II. Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions

will not satisfy the non-moving party's burden.  *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).  If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party.  *Celotex*, 477 U.S. at 322-23.

### B. The Named Beneficiary of the Annuity's Proceeds is Entitled to Those Proceeds

Louisiana law provides that the beneficiary to an annuity contract is entitled to the proceeds of that contract:

> The lawful beneficiary, assignee, or payee, including the annuitant's estate, of an annuity contract shall be entitled to the proceeds and avails of the contract against the creditors and representatives of the annuitant or the person effecting the contract, or the estate of either, and against the heirs and legatees of either person, saving the rights of forced heirs, and the proceeds and avails shall also be exempt from all liability for any debt of the beneficiary, payee, or assignee or estate, existing at the time the proceeds or avails are made available for his own use.

La. R.S. § 22:912(B)(1).  Accordingly, to the extent that the Berards are asserting a competing claim to the proceeds of the Annuity on the basis that Mr. Berard is the sole legatee of Mr. Traver's estate, that claim is invalid.  *See In re Succession of Catching*, 35 So. 2d 449 (La. App. 2nd Cir. 2010) (applying § 22:912(b)(1) and concluding that proceeds to annuity contract fall outside of the estate of the decedent for purposes of satisfaction of the succession debts and legacies).

### C. Whether the Power of Attorney Authorized Mrs. Berard to Name Herself as Beneficiary

There is no dispute that Mr. Tarver initially named Ms. Marsch as the beneficiary to the Annuity's proceeds. There is also no dispute that Transamerica refused to change the named beneficiary after requested to do so by Mrs. Berard pursuant to the Power of Attorney. The sole material dispute at issue here is whether the Power of Attorney gave Mrs. Berard the authority to name herself as the beneficiary of the Annuity's proceeds.

Louisiana uses the civilian term "procuration" instead of the common-law term "power of attorney." La. Civ. Code. art. 2987, Revision Comment (a) (1997); *In re Succession of Hunt*, 135 So. 3d 654 (La. App. 2nd Cir. 2012). "A procuration is a unilateral juridical act by which a person, the principal, confers authority on another person, the representative, to represent the principal in legal relations. The procuration may be addressed to the representative or to a person with whom the representative is authorized to represent the principal in legal relations." La. Civ. Code. art. 2987. "A procuration is subject to the rules governing mandate to the extent that the application of those rules is compatible with the nature of the procuration." La. Civ. Code art. 2988.

In general, Louisiana's law governing mandate provides that the "principal may confer on the mandatary general authority to do whatever is appropriate under the circumstances." La. Civ. Code art. 2994. However, express authority is required to make inter vivos donations on behalf of the principal. La. Civ. Code art. 2997(1). In addition, "[a] mandatary who represents the principal as the other contracting party may not contract with himself unless he is authorized by the principal, or, in making such contract, he is merely fulfilling a duty to the principal." La. Civ. Code art. 2998. In light of these principles, courts have concluded that a power of attorney must expressly grant the right to a designated agent to self-deal by naming oneself a beneficiary

6

to an annuity contract. *See*, *e.g.*, *Conville v. General Electric Capital*, No. 00-2325, ECF No. 65 (W.D. La. June 27, 2002) (power of attorney did not authorize designated agent to make donations *inter vivos* to self or to engage in self-dealing by naming self as beneficiary to annuity contract while principal was in a coma); *Succession of Conville v. Bank One, Louisiana, N.A.*, 920 So.2d 397, 402-404 (La. App. 2nd Cir. 2006) (same); *see also Tatum v. Riley*, 166 So.3d 380, 384-385 (La. App. 2nd Cir. 2015) (power of attorney expressly authorized designated agent to make donations *inter vivos* to self despite mistakenly referencing Article 2998 of the Louisiana Code of Civil Procedure as opposed to Article 2998 of the Louisiana Civil Code).

Here, the Power of Attorney expressly granted Mrs. Berard the power "[t]o apply for, purchase, maintain and/or deal with insurance and annuity contracts, insurance policies, including life insurance upon [Mr. Tarver's] life or the life of any other appropriate person and to make any elections and disclaimers under such policies." (POA ¶ 7). Consistent with Article 2998, the Power of Attorney expressly excluded from Mrs. Berard's power the ability to designate herself as a beneficiary, unless otherwise "specifically authorized" by the Power of Attorney. (POA ¶ 15). Read in conjunction, Paragraph 15 limits the grant of power in Paragraph 7.[2] Accordingly, while Mrs. Berard was provided the <u>general</u> authorization to "make any elections" in an annuity contract pursuant to Paragraph 7, she did not have the power to name herself as a beneficiary in light of the limitations provided in Paragraph 15. Having reviewed the Power of Attorney in detail, the Court concludes that no such <u>specific</u> authorization was provided to Mrs. Berard to name herself as a beneficiary pursuant to Paragraph 15 and/or Article 2998.[3]

---

[2] *See* La. Civ. Code art. 2050 ("Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.").

[3] In contrast, Paragraph 10 specifically authorized Mrs. Berard to "to examine, remove, keep or otherwise dispose of the contents" of any "safe deposit box, vault or other storage area owned or leased" to Mr.

In doing so, the Court rejects the Berards' argument that Paragraph 15 "should be read narrowly and limited to charitable donations and gifts to minors." (R. Doc. 23 at 6). While Paragraph 15 applies to charitable donations and gifts to minors, it is not limited to those applications. Furthermore, that the Power of Attorney provides on its final page in an unnumbered paragraph that "[t]he listing of specific terms, rights, acts or powers are not intended to restrict or limit the definition or scope of powers granted herein in any manner" does not, as suggested by the Berards, indicate that the document grants "the broadest possible powers including the power to change the designated beneficiary." (R. Doc. 23 at 5). That provision merely provides that specific grants of powers are illustrative, not exhaustive.

In sum, Article 2998 and the express language of the Power of Attorney limited the authority of Mrs. Berard to self-deal unless otherwise specifically authorized. No such specific authorization was provided with regard to Mrs. Berard having the power to name herself the beneficiary of the Annuity's proceeds. Accordingly, Mrs. Berard did not have the authority to name herself as beneficiary to the Annuity's proceeds. *See Conville*, No. 00-2325, ECF No. 65; *Succession of Conville*, 920 So.2d at 402-404.

D.  **Attorney's Fees and Costs to Transamerica**

An award of costs and fees in an interpleader action is within the discretion of the trial court. *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999). The issue of the award of such costs and fees was first raised in Transamerica's Response to Ms. Marsch's Motion for Partial Summary Judgment (R. Doc. 24). Transamerica takes no position with respect to which claimant is entitled to the proceeds that have been deposited, but does submit that it is entitled to

---

Tarver. (POA ¶ 10). Arguably, this provision granted Mrs. Berard express authority to self-deal with respect to providing herself an inter vivos donation of the contents of Mr. Tarver's safety deposit box, if any. *See* La. Civ. Code art. 2997(1).

8

recover fees and costs associated with this action.  According to Transamerica's response, Transamerica and Ms. Marsch have agreed upon an award of $8,250.00 in satisfaction of attorney's fees and costs incurred.  Transamerica further represents that this amount does not include any attorney's fees and costs incurred in connection with the Berard's counterclaim and that this amount is less than its full fees and costs for handling the interpleader.  Although not contested or challenged, Ms. Marsch also does not affirmatively acknowledge such an agreement.

Based on the record before it, the Court needs additional information in order to determine whether the specific award requested is an appropriate exercise of the Court's discretion.  At a minimum, an affidavit by the attorneys with an explanation of the work performed, including a representation regarding the general time billed and reasonable rates charged, is appropriate.  Although the amount provided appears to be reasonable and consistent with such awards in similar cases, the Court is unable confirm that the aforementioned amount, reflecting a discount from the amount of actual costs incurred, is appropriate.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion for Partial Summary Judgment (R. Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant-in-interpleader Colynn Marsch is entitled to an award of the death benefits of the Annuity in the amount deposited into the registry of the Court on May 3, 2016, plus all interest accrued to date, minus an appropriate award of attorney's fees and costs to Transamerica Advisors Life Insurance Company.

**IT IS FURTHER ORDERED** that defendant-in-interpleader Colynn Marsch is **DISMISSED WITH PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that **within 14 days of the date of this Order,** Colynn Marsch and Transamerica Advisors Life Insurance Company shall jointly file a motion for disbursement of registry funds as set forth in Local Rule 67(c). This motion shall specify the agreed upon amount of attorney's fees and costs to be awarded to Transamerica, along with any supporting documentation required by the Court as set forth above.

Signed in Baton Rouge, Louisiana, on March 22, 2017.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**